UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CENTENNIAL PLAZA PROP, LLC and IMARC PROPERTIES, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRANE U.S. INC.; F. GREEK DEVELOPMENT INC.; and THREE CUBED, LLC,<br><br>*Defendants*. | Civil Action No. 22-1262<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter returns to the Court on Plaintiffs' motion for reconsideration of this Court's determination that it has subject matter jurisdiction. D.E. 62. Although the motion is returnable on August 15, 2022, it is fully briefed. The Court reviewed the parties' submissions[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the following reasons, Plaintiffs' motion for reconsideration is **DENIED**.

**I.    BACKGROUND**

In the oral decision that Plaintiffs ask the Court to reconsider, the Court discussed this matter's procedural history and made extensive findings of fact. *See* D.E. 65-2 ("Tr.") (transcript of video hearing held on July 7, 2022). The Court incorporates that background and findings by

---

[1] Plaintiffs' moving brief will be referred to as "P. Br." D.E. 62-1. Defendants' opposition will be referred to as "Opp'n." D.E. 65.

reference. Plaintiffs filed the instant motion on July 21, 2022, with a new certification from Jonathan Rubin. D.E. 62; D.E. 62-2. Defendants oppose the motion. D.E. 65.

## II.     STANDARD OF REVIEW

Motions for reconsideration are subject to Local Civil Rule 7.1(i). In addition to setting a deadline for submission of such a motion—"14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge[]"—the Rule requires that "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion." L. Civ. R. 7.1(i).

A motion for reconsideration is appropriately based on "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017), *as amended* (Jan. 25, 2017). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Moreover, a motion for reconsideration does not entitle a party to a second bite at the apple. "Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order." *Edison C.F. v. Decker*, No. 20-15455, 2021 WL 1997386, at *4 (D.N.J. May 19, 2021) (addressing reconsideration motion under Fed. R. Civ. P. 59(e)) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

## III. ANALYSIS

Plaintiffs argue that this Court inadequately considered the September 7, 2021, letter signed by both Jonathan Rubin and Ira Russack. P. Br. at 7; *see also* D.E. 17-1 at 36. They say that any

of the other letters were drafts and expressions of Rubin and Russack's positions during negotiations, and that the dual-signed letter represents the final, binding agreement pursuant to which Rubin made the loan. P. Br. at 7. Rubin's certification allegedly corroborates this version of events. *See* D.E. 62-2 ¶¶ 4-10. Defendants counter that this information was already available to Plaintiffs, and that it is not "new" as contemplated by the reconsideration standard. Opp'n at 1. They fault Plaintiffs for not explaining why this argument was omitted from their earlier submission. *Id.*

A motion for reconsideration "may not be used . . . to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order." *Edison C.F.*, 2021 WL 1997386, at *4. This new theory as to how Rubin became a member of the limited liability company is based entirely on evidence that was in Plaintiffs' possession before the Court rendered its decision. This is not the kind of "new evidence" that can support a motion for reconsideration. The Third Circuit has explained that "'new evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Laby's Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Plaintiffs fail to explain why the contents of Rubin's certification were previously unavailable or why this argument was not pressed earlier.

Instead, Plaintiffs fault the Court for misinterpreting the letters. *See* P. Br. at 6. However, the Court analyzed the letters in its findings of fact, and questioned Plaintiffs' counsel about the facially conflicting letters during the July 7 hearing. *E.g.*, Tr. at 51:11-52:12, 19:24-20:3. Plaintiffs had an adequate opportunity to earlier raise the arguments raised in this motion.

Plaintiffs' belated attempts to explain away the internal inconsistencies in the letters fare no better. *See* P. Br. at 9. The Court will not grant the motion on this basis.

Plaintiffs next argue that the Court should not concern itself with whether any consideration was actually paid for Rubin's putative membership stake in the limited liability company, nor with whether the parties abided by the operating agreement's provisions for the conversion of debt into equity or the parties' supposed performance of the contract. *Id.* at 7-9. Again, the Court questioned Plaintiffs' counsel during the hearing on these issues, including whether consideration was paid for Rubin's stake in Centennial and the operating agreement's procedures for the conversion of debt into equity, focusing on the seven-day grace period provided by the operating agreement. Tr. at 23:6-24, 26:8-27:1. The Court again finds that Plaintiffs' motion is insufficient as it also raises arguments that could have been advanced before the entry of the original order.

Finally, Plaintiffs argue that Rubin will suffer a manifest injustice because the Court has effectively held that Rubin has no interest in Centennial, precluding him from protecting his rights. P. Br. at 9. The Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice' in the context of a motion for reconsideration[.]" *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018). Instead, the court "has noted that there tends to be 'substantial, if not complete, overlap' between the concepts of a 'clear error of law or fact' and 'manifest injustice.'" *In re Marinari*, 596 B.R. 809, 818 (Bankr. E.D. Pa. 2019). (quoting *In re Energy Future Holdings Corp.*, 904 F.3d at 311).

The Court detects no clear error of law or fact in its interpretation of the documentary evidence relied upon and submitted in conjunction with the parties' briefs on the issue of diversity jurisdiction. Indeed, Plaintiffs, in this section of their brief, do not couch the argument in those terms, instead asserting that Rubin will be unable to protect his putative rights as an owner of

4

Centennial. P. Br. at 9-10. Defendants respond that the Court, in assessing its subject matter jurisdiction, examined only the citizenship of the parties when the case was removed, and did not rule that Rubin could not later contest his acquisition of equity in Centennial. *See* Opp'n at 9. The Court again agrees with Defendants. While the Court recognizes that its analysis is unhelpful to Rubin—albeit in the context of analyzing diversity jurisdiction—the Court did not also find that Rubin was precluded as a matter of law from seeking to ascertain his ownership rights in the future if necessary.[2]

For the foregoing reasons, and for good cause shown,

**IT IS** on this 4th day of August, 2022,

**ORDERED** that Plaintiff's motion for reconsideration, D.E. 62, is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.

---

[2] In a footnote, Plaintiffs speculate as to the citizenship of other parties. P. Br. at 4 n.1. The Court disregards this passing reference. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994). In any event, this footnote is inconsistent with the position taken by Plaintiffs' counsel in the correspondence at D.E. 65-3.