**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CENTENNIAL PLAZA PROP, LLC and IMARC PROPERTIES, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRANE U.S. INC.; F. GREEK DEVELOPMENT INC.; and THREE CUBED, LLC,<br><br>*Defendants*. | Civil Action No. 22-1262<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Defendants' motion for sanctions, in the form of costs and fees, and to hold Plaintiffs and their counsel in contempt. D.E. 60. Plaintiffs filed a brief in opposition, D.E. 66, to which Defendants replied, D.E. 73.[1] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As the parties are familiar with this matter, the Court will not recount the full factual and procedural background. Briefly, this case (the "Current Action") and a previously filed case, *Centennial Plaza Prop., LLC v. Trane Techs. Co., Inc.*, Civ. No. 22-793 (the "Prior Action"),

---

[1] The Court refers to Defendants' brief in support of their motion (D.E. 60-2) as "Defs. Br."; Plaintiffs' brief in opposition (D.E. 66) as "Plfs. Opp."; and Defendants' reply brief in further support of their motion (D.E. 73) as "Defs. Reply".

involve a dispute over the purchase of condominium units in Piscataway, New Jersey. In the Prior Action, Plaintiffs initially filed suit against Defendant Trane U.S. Inc.[2] ("Trane") in New Jersey state court and obtained temporary restraints prohibiting Trane from selling the units and requiring Defendant to allow Plaintiffs to exercise their purported contractual right of first refusal. Trane removed the matter, Civ. No. 22-793, D.E. 1, and this Court dissolved the temporary restraints, finding in part that Plaintiffs did not have a reasonable likelihood of success in the matter because they did not have a right of first refusal (the "February 25 Order" or "Order"), *id.*, D.E. 10 (Feb. 25, 2022).

Plaintiffs obtained new counsel, who filed a notice of voluntary dismissal as to the claims against Trane in the Prior Action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). *Id.*, D.E. 23 (March 9, 2022). The same day, Plaintiffs filed the Current Action in state court, naming Trane and two additional entities, F. Greek Development Inc. and Three Cubed, LLC, as Defendants (the new Defendants are referred to collectively as the "Greek Entity Defendants"). Notice of Removal ¶ 1, D.E. 1. The Current Action is substantially similar to the Prior Action. Namely, Plaintiffs seek to enjoin Defendants from selling the property and permitting Plaintiffs a right to exercise their alleged right of first refusal. *Id.*, Ex. A. Plaintiffs also filed two notices of *lis pendens* as to the property at issue. Bender Cert., Exs. 1, 3, D.E. 59-1.

Defendants removed the Current Action on March 8, 2022. D.E. 1. Defendants also filed a motion to discharge the notices of *lis pendens*,[3] D.E. 59, and the instant motion for sanctions,

---

[2] Plaintiffs originally named the incorrect Trane entity as Defendant.

[3] This Court granted Defendants' motion to discharge the notice of *lis pendens*, D.E. 71, and Plaintiffs filed an interlocutory appeal of that Order, which is presently pending before the Third Circuit, D.E. 74. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56,

D.E. 60. Defendants' motion for sanctions pertains to Plaintiffs' conduct in both the Prior and Current Actions. Defendants seek to hold Plaintiffs and their counsel in contempt and seek attorneys' fees and costs incurred in both matters pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 41(d). D.E. 60.

## II. ANALYSIS

### A. Civil Contempt

Defendants first move to hold Plaintiffs and their counsel in civil contempt. Courts have the inherent power to enforce compliance with lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "Civil contempt sanctions are designed either to compensate the injured party or to coerce the defendant into complying with the court's order." *Sec'y of Lab. v. Altor, Inc.*, 783 F. App'x 168, 171 (3d Cir. 2019) (citation omitted). Thus, "[a] plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (quoting *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995)). A defendant, however, "may defend against a contempt petition by coming forward with evidence showing that it is unable to comply with the order in question." *Altor Inc.*, 783 F. App'x at 171. In addition, "ambiguities must be resolved in favor of the party charged with contempt." *John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003).

---

58 (1982). A district court, however, retains jurisdiction over certain issues that are collateral to the appeal on the merits. *See Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985). A motion for sanctions is such a collateral issue. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 98 (3d Cir. 2008) ("It is well established . . . that a district court, after the entry of final judgment and the filing of a notice of appeal, retains the power to adjudicate collateral matters such as sanctions under Rule 11.").

Defendants seek to hold Plaintiffs and their counsel in contempt because after the February 25 Order, Plaintiffs filed two notices of *lis pendens* regarding the property at issue. Defs. Br. at 6. Again, on February 25, 2022, this Court determined that Plaintiffs did not have a contractual right of first refusal, or in the alternative, that Plaintiffs waived the right. No. 22-793, Feb. 25, 2022, D.E. 28 (Tr. at 26-29, 35-36) (March 9, 2022). The Court, therefore, determined that Plaintiffs did not have a likelihood of success on the merits and dissolved the temporary restrains. *Id.* at 36-37. To justify a notice of *lis pendens* in New Jersey, a plaintiff must establish "a probability that final judgment will be entered in favor of the plaintiff[.]" N.J. Stat. Ann. § 2A:15-7(b).[4]

Thus, in the Court's view, Plaintiffs had no good faith basis to file the notice of *lis pendens* following the February 25 Order. But the February 25 Order did not require any specific conduct from Plaintiffs; it addressed Plaintiffs' likelihood of proving that they had a right of first refusal to purchase the property. The Order did not require that Plaintiffs act in a certain manner or prohibit any party from any specific conduct. "Persons may not be placed at risk of contempt unless they have been given specific notice of the norm to which they must pattern their conduct." *Ethicon, Inc. v. Randall*, No. 20-13524, 2021 WL 4099752, at *3 (D.N.J. Sept. 9, 2021) (refusing to find

---

[4] A notice of *lis pendens* pertains to person claiming an interest in real estate:

> In action to enforce or declare rights in, or concerning, or for partition of real estate, wherein plaintiff's claim arises out of a written instrument, which instrument either is executed by defendant and identifies such real estate or appears of record with respect to the title thereto, from and after the filing of a notice of *lis pendens*, any person claiming title to, interest in or lien upon the real estate described in the notice through any defendant in the action as to which the notice is filed shall be deemed to have acquired the same with knowledge of the pendency of the action, and shall be bound by any judgment entered therein, as though he had been made a party thereto and duly served with process therein.

N.J. Stat. Ann. § 2A:15-7(a).

the defendant in contempt for filing new matter where order at issue enjoined previously filed action) (brackets omitted); *see also N.J. Sports Prods., Inc. v. Don King Prods., Inc.*, 15 F. Supp. 2d 546, 551 (D.N.J. July 21, 1998) (explaining that to show contempt a party must establish that there was a valid court order that "required defendant to do certain things"); *Nutrisystems.com, Inc. v. Easthaven, Ltd.*, No. 00-4835, 2001 WL 484068, at *2 (E.D. Pa. March 30, 2001) ("It may well be that the defendants have violated the spirit of the injunctive Order, but unless the actual terms of the Order are violated, an adjudication [of] contempt would be improper."). Because the February 25 Order did not require any specific conduct from Plaintiffs or prohibit Plaintiffs from filing a notice of *lis pendens*, the Court cannot conclude that they violated the Order by filing the notices of *lis pendens*. Accordingly, Defendants' motion is denied with respect to their request for civil contempt.

**B. 28 U.S.C. § 1927**

Next, Defendants seek costs, including attorneys' fees, pursuant to 28 U.S.C. § 1927. Defs. Br. at 8-12. 28 U.S.C. § 1927 provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 requires a finding of willful bad faith on the part of the offending attorney. *In re Prudential Ins. Co. Am. Sales Pracs. Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002). "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id.* (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)). Here, Plaintiffs filed a stipulation of dismissal in the Prior Matter on

the same day that they filed the Current Action in state court. *See* Notice of Removal ¶ 1; *Centennial Plaza Prop., LLC v. Trane Techs. Co., Inc.*, Civ. No. 22-793, D.E. 23 (March 7, 2022).

Plaintiffs changed counsel during the Prior Action, and new counsel voluntarily dismissed the Original Action and litigated the Current Action. The Court has real concerns about new counsel's actions.[5] In the Prior Action, the Third Circuit denied Plaintiffs relief from the February 25 Order. Undeterred, new counsel filed nearly identical papers in the Current Action as in the Prior Action when instituting the Current Action in state court. *Compare* Civ. No. 22-793, D.E. 1-1 *with* Civ. No. 22-1262, D.E. 1-1. While two new defendants were added in the Current Action, counsel did not point to any material changes in the Current Action vis-à-vis the Prior Action. Moreover, in filing the Current Action in state court, Plaintiffs' counsel did not provide the state court with an accurate recitation of what occurred before this Court. Counsel, in referring to the Prior Action, said the following:

> [T]he removal to federal court was improper and premised on an inaccurate ownership interest in CCP [Plaintiff Centennial Plaza Prop, LLC] by New Jersey resident Shimon Avrahami. Avrahami is not a 5% owner of CCP, nor has he ever owned a share of CCP, and the default judgment that was entered against CCP was vacated, proving that removal based on diversity was improper. Nevertheless, although diversity of citizenship is lacking in this matter, the District Court ruled against Plaintiffs and dissolved the preliminary injunction and temporary restraints that were issued by this Court.

D.E. 1-1 at 28-29 (citation omitted). This representation by counsel was, at best, completely inaccurate. The Court had subject matter jurisdiction in the Prior based on complete diversity, and no party challenged the subject matter jurisdiction. Moreover, once a court has diversity jurisdiction, jurisdiction is *never* destroyed through a member being removed. *See In re Lipitor*

[5] Although original counsel in the First Case is not without fault. That counsel filed the first notice of *lis pendens* following the Court's February 25 Order. *See* Bender Cert., Ex. 1.

*Antitrust Litig.*, 855 F.3d 126, 151 (3d Cir. 2017) ("But no changes in citizenship after the time of filing (and, as relevant here, the time of removal) can create or destroy diversity.").

In short, unsatisfied with the Court's February 25 Order in the Prior Action and in order to stop an anticipated sale of the relevant units by Trane, Plaintiffs attempted to voluntarily dismiss the Prior Action only to essentially file the same action on the same day in state court in the Current Action. In an attempt to defend this obvious gamesmanship, Plaintiffs now assert two defenses: (1) they did not act in a frivolous manner, and (2) by the adding the Greek Entity Defendants, Plaintiffs believed that they could avoid removal as members of the Greek Entity Defendants were New Jersey residents. Plfs. Opp. at 12-13; *see also* 28 U.S.C. § 1441(b)(2) (prohibiting removal to federal court in a diversity action when "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

As to the first argument, which the Court considers as to bad faith, the Court has a different view. In the Prior Action, the Court found that no reasonable reading of the amendments to the master deed could result in a finding of the right to first refusal. No. 22-793, D.E. 28 (Feb. 25, 2022 Transcript) at 25-29. Alternately, because Trane had in fact offered Plaintiffs the right of first refusal, which Plaintiffs accepted but then failed to perform under the purchase agreement, the Court found that any right of first refusal had been waived. *Id.* at 29-37. Unfortunately, Plaintiffs did not disclose this analysis or conclusion to the state court in the Current Action. Instead, as noted, Plaintiffs misstated to the state court that this Court did not have subject matter jurisdiction. Such misstatements bespeak of bad faith.

As to the second argument, Plaintiffs candidly admit that they added the Greek Entity Defendants to prevent a second removal to this Court. While the Court appreciates Plaintiffs' frank acknowledgement that they were trying to prevent another removal, they were unsuccessful.

Trane removed the Current Action immediately, and the Greek Entity Defendants could have also done so before they were properly served. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2018) (finding that 28 U.S.C. § 1441(b)(2) does not prevent a forum defendant from removing matter to federal court if the defendant has not yet been properly served). Of course, in light of Federal Rule of Procedure 15's liberal amendment standard, Plaintiffs could have merely moved to amend the complaint in the Prior Action to include the Greek Entity Defendants. Obviously, they chose not to do so in attempt to ensure that the Court would not continue to hear the matter. They were unsuccessful, and their filing of the Current Action in state court multiplied the proceedings in unreasonable and vexatious manner.

Consequently, Defendants' motion under 28 U.S.C. § 1927 is granted. Defendants are awarded fees and costs—but solely fees and costs related to the removal of the Current Matter. The Court does not grant, under Section 1927, any fees or costs incurred by Defendants in the Current Matter after it was removed.

**C. Federal Rule of Civil Procedure 41(d)**

Finally, Defendants maintain that Trane is entitled to recoup its costs and attorneys' fees from the Prior Action pursuant to Federal Rule of Civil Procedure 41(d). Defs. Br. at 13-14. Rule 41(d) states that

> [i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, a court . . . may order the plaintiff to pay all or part of the costs of that previous action.

Fed. R. Civ. P. 41(d)(1). A party may only recover attorneys' fees under Rule 41(d) where the underlying statute that forms the basis of the suit "defines 'costs' to include attorneys' fees." *Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018) (quoting *Marek v. Chesny*, 473 U.S. 1, 9 (1985)). Here, Plaintiffs asserted contract-based common law claims in the Prior and Current

Action. *See* Notice of Removal, Ex 1; *Centennial Plaza Prop., LLC v. Trane Techs. Co., Inc.*, Civ. No. 22-793, D.E. 1-1 (Feb. 14, 2022). Defendants do not contend that either matter involves a statute that defines costs to include attorneys' fees. Defendants, however, argue that the Court can award attorneys' fees incurred in the Prior Case through 28 U.S.C. § 1927. Defs. Br. at 14. As noted above, the Court does so but only as to the fees incurred in removing the Current Action.

With respect to the costs Trane incurred in the Prior Case, "Rule 41(d) is intended to prevent vexatious litigation, forum shopping, and attempts to gain tactical advantage by dismissing and refiling the suit." *High Crest Functional Med., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 15-8876, 2019 WL 4099710, at *2 (D.N.J. Aug. 28, 2019) (quoting *FTC v. Endo Pharm. Inc.* No. 16-1440, 2017 WL 4583802, at *3 (E.D. Pa. Aug. 21, 2017)). In addition, Rule 41(d) is discretionary and "costs should be awarded only when the circumstances of the case warrant such a sanction." *Marias v. Bank of Am., N.A.*, No. 14-4986, 2015 WL 4064780, at *5 (D.N.J. July 1, 2015). As discussed, Plaintiffs filed virtually the same claims against Trane in the Prior and Current Action. Further, Plaintiffs filed the Current Case in state court after this Court, in the Prior Case, dissolved the temporary restrains previously entered in state court. Thus, the Current Case appears to be a clear attempt at forum shopping or was filed to obtain a tactical advantage. Indeed, Plaintiffs appear to frankly admit as much by indicating that the Greek Entity Defendants were added in an attempt to prevent a second removal to this Court. The Court, therefore, will award Trane its costs from the First Case pursuant to Rule 41(d).

## III. CONCLUSION

As a result, for the reasons stated above and for good cause shown,

IT IS on this 12th day of December, 2022,

**ORDERED** that Defendants' motion (D.E. 60) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendants' motion is **GRANTED**, pursuant to 28 U.S.C. § 1927, as to their fees and costs incurred in removing the Current Matter from state court; and it is further

**ORDERED** that Defendants' motion is **GRANTED**, pursuant to Federal Rule of Civil Procedure 41(d)(1), as to their costs incurred in the Prior Matter; and it is further

**ORDERED** that Defendants must submit their requested fees and costs, with appropriate supporting documentation, to the Court within thirty (30) days; and it is further

**ORDERED** that Defendants' motion is otherwise **DENIED**.

John Michael Vazquez, U.S.D.J.