## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CENTENNIAL PLAZA PROP, LLC And IMARC PROPERTIES, LLC | : : : | Civil Action No. 22-1262 (MEF) (MAH) |
| Plaintiffs, | : : | |
| v. | : : | OPINION |
| TRANE U.S. INC., F. GREEK DEVELOPMENT, INC. and THREE CUBED, LLC | : : : : | |
| Defendants. | : : : | |

### I.    INTRODUCTION

This matter comes before the Court by way of Plaintiffs', Centennial Plaza Prop, LLC and IMARC Properties, LLC, motion to amend their complaint.  *See* Mot. to Amend, D.E. 103. Plaintiffs seek to add Centennial Greek LLC as a defendant. *See Id.*  The Court has reviewed the parties' submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, has decided the motion without oral argument. For the reasons set forth below, Plaintiffs' motion to amend the complaint to add Centennial Greek LLC as a defendant is **granted**.

### II.    BACKGROUND

This action arises from the sale of two condominium units located in Piscataway, New Jersey. Mot. to Amend, D.E. 103-1, at 1.  Plaintiffs allege Defendant, Trane U.S., Inc. ("Trane"), failed to comply with the Master Deed when they contracted to sell the property to Defendant F. Greek Development, Inc. ("F. Greek") and Three Cubed, LLC ("Three Cubed") because the Master Deed required Trane to provide Plaintiffs with a right of first refusal. *Id.* at 1-2.  Plaintiff filed a Verified Complaint and Order to Show Cause in the Superior Court of New Jersey,

Middlesex County, Chancery Division on March 7, 2022.  Br. in Opp'n, D.E. 109, at 3.   Plaintiffs alleged five causes of action against Defendant Trane including: "(1) specific performance; (2) declaratory judgment; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) fraudulent inducement."  Mot. to Amend, D.E. 103-1 at 2; Br. in Opp'n, D.E. 109, at 6.  Plaintiff brought one claim against F. Greek and Three Cubed for tortious interference with prospective contractual relations.  Br. in Opp'n, D.E. 109, at 6-7.

On March 8, 2022, Defendants removed the matter to this Court.  *See* Notice of Removal, D.E. 1.  On April 11, 2022, Defendants filed their Answer and a Third-Party Complaint to add related parties.  *See* Answer and Third Party Compl., D.E. 24.  On May 25, 2023, Plaintiffs filed their Answer to the Third Party Complaint.[1]  *See* Ans. D.E. 97.

During the pendency of the litigation, Defendant Trane sold the contested property to Centennial Greek, LLC ("Centennial Greek").   *Id.* at 6; Mot. to Amend, D.E. 103-1, at 2.  Centennial Greek is Three Cubed's assignee and subsidiary.  Br. in Opp'n D.E. 109, at 6.  On July 31, 2023, Plaintiffs filed a motion to amend their complaint to add Centennial Greek as a defendant to the tortious interference claim.  Mot. to Amend, D.E. 103-1, at 2; Br. in Opp'n, D.E. 109 at 9.  Defendants Trane, F. Greek, and Three Cubed (collectively "Defendants"), oppose Plaintiffs' application to amend the complaint.  *See* Br. in Opp'n, D.E. 109.[2]  The parties dispute whether the

---

[1] This matter has an extensive procedural history, for the purposes of this motion only the relevant portions of the procedural history have been included.

[2] Defendants originally filed their opposition together with a Cross-Motion for Judgment on the Pleadings.  *See* Cross-Mot., D.E. 104.  For judicial efficiency, the Court administratively terminated the cross-motion without prejudice pending the decision on the Motion to Amend. Ord., Aug. 29, 2023, D.E. 107.  Defendants then filed an opposition only addressing the Motion to Amend.  *See* Br. in Opp'n, D.E. 109.

Master Deed, as modified, allowed for a right of first refusal and whether Plaintiff waived that right.  *See* Br. in Opp'n, D.E. 109, at 16-19; Reply in Supp., D.E. 110, at 4-9.

### III.   ANALYSIS

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure."  *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order."  *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)).

On June 5, 2023, the parties submitted a jointly proposed amended scheduling order which proposed any motion to amend the pleadings must be filed by July 31, 2023.  Ltr. Enclosing Joint Dis. Plan, D.E. 100, at 5.  The July 31, 2023 deadline was adopted by the Court.  Pretrial Scheduling Order, D.E. 101 at 4.  As this instant motion to amend was filed on July 31, 2023, Plaintiffs must demonstrate only that their proposed amended complaint satisfies Rule 15.  Mot. to Amend, D.E. 103-1, at 1, 5.

Under Rule 15(a)(2), a plaintiff may amend his complaint "when justice so requires."  The Court may deny a motion to amend the pleadings where there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)

("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").  Here, Defendants assert the Court should deny Plaintiffs' motion because the amendment would be futile, cause undue delay and unfair prejudice.  Br. in Opp'n, D.E. 109, at 15, 25.  Because Defendants do not argue the proposed amendment was made in bad faith or with dilatory motive, the Court bases its determination on whether to grant Plaintiffs' motion to amend on whether it would be futile, cause undue delay, or be unfairly prejudicial to defendants to add Centennial Greek as a defendant to the tortious interference with prospective contractual relations claim.

### 1. Futility of the Amendment

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant."  *Am. Corporate Society v. Valley Forge Ins. Co.*, 424 F. App'x 86, 90 (3d Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2010).

To determine whether an amendment would be "properly dismissed," the Court employs the standard applied to Rule 12(b)(6) motions to dismiss.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (establishing that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *Harrison Beverage Co. v. Dribeck Importers,*

*Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). A two-part analysis determines whether this standard is met. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 629 (2009)).

First, a court separates the factual and legal elements of a claim. *Fowler*, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard legal conclusions. *Id.* at 210–11; *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010); *see also Iqbal*, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement") (alterations omitted) (internal quotations marks omitted).

Second, as stated above, a court determines whether a plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Fowler*, 578 F.3d at 211. As the Supreme Court instructed in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. The plausibility standard is not a "probability requirement," but the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678–79 (citations omitted) (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A court conducting a futility analysis based only upon the sufficiency of the pleading must consider a limited record. Specifically, a court may consider only the proposed pleading, exhibits

attached to that pleading, matters of public record, and undisputedly authentic documents provided the claims are based on those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *accord West Penn*, 627 F.3d at 97 n.6 (reiterating the rule and its limited exception for documents that are "integral or explicitly relied upon in the complaint").

To set forth a claim for tortious interference with prospective contractual relations under New Jersey law, a Plaintiff must show: "(1) it had a reasonable expectation of economic advantage; (2) the interference was done intentionally and with malice; (3) the interference caused the loss of prospective gain; and (4) the injury caused damage." *Industria De Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*, -- F. Supp. 3d --, 2023 WL 4200169 (D.N.J. June 27, 2023) (citing *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751 (N.J. 1989)). .

As to element one, "[Plaintiff] had a reasonable expectation of economic advantage," Defendants assert Plaintiffs' proposed amended complaint does not plausibly plead Plaintiffs had the right to a reasonable expectation of economic advantage because Plaintiffs did not have a right of first refusal.  Br. in Opp'n, D.E. 109, at 18.  Further, Defendants assert the amendments to the Master Deed erased and reaffirmed the elimination of the right to first refusal.  *Id.*  Defendants also assert Plaintiffs waived their right of first refusal by failing to abide by their contract to purchase the subject units.  *Id.*

However, under Rule 15 the Court assumes all allegations set forth in the complaint as true. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).  As such, the Court finds Plaintiffs satisfied their burden to establish there was a reasonable expectation of economic advantage under the Master Deed.  *See* Mot. to Amend, Ex. A, Proposed Amended Compl., D.E. 103-3, at ¶¶ 13-19.  The proposed amended complaint sets forth details regarding the Master Deed

and the right of first refusal. *Id.* For example, Plaintiffs set forth that Article 17 of the Master Deed restricts how an owner can sell its unit. *Id.* at ¶ 16. Plaintiffs also quote the Master Deed which establishes a thirty-day period for an owner to present a binding written agreement to purchase the units within 120 to 140 days at an equal or higher price. *Id.* at ¶ 17. Finally, Plaintiff asserts there were two amendments to the Master Deed, neither of which altered or eliminated the right of first refusal established in Article 17. *Id.* at ¶¶ 18-19.

Defendants' arguments that Plaintiffs did not have a reasonable expectation of economic advantage challenge the truth of the facts alleged in the Complaint. *See* Br. in Opp'n, D.E. 109, at 16-19. Defendants assertions that the amendments to the Master Deed removed the right of first refusal may or may not be revealed in discovery. However, because at this stage of the litigation we accept all inferences in favor of the plaintiff, Defendants fail to establish Plaintiffs' proposed amended complaint does not state a claim for reasonable expectation of economic advantage. Thus, the Court finds Plaintiffs sufficiently plead an expectation for economic advantage. *See Fowler*, 578 F.3d at 210-11.

As to element two, "the interference was done intentionally and with malice," Defendants assert the proposed amended complaint fails to allege anything about Centennial Greek's motivation and does not allege F. Greek or Three Cubed acted with malice. Br. in Opp'n, D.E. 109, at 21. Defendants further assert that competitive advantage does not amount to actionable intent or malice. *Id.*

The proposed amended complaint adequately pleads that Defendants interfered intentionally and with malice in paragraphs 56 through 59. Mot. to Amend, Ex. A, Proposed Amended Compl., D.E. 103-3, at ¶¶ 56-59. Rule 8 requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Defendants argue that Plaintiffs' allegations fail to provide sufficient facts because their "claim hinges on nothing more than barebones language and naked assertions." Br. in Opp'n, D.E. 109, at 21. However, here, Plaintiffs provide an appropriate claim under the Rule requirements. In paragraphs 56, Plaintiffs set forth that Defendants knowingly interfered with Plaintiffs' rights. Mot. to Amend, Ex. A., Prop. Amended Compl., D.E. 103-3, at ¶ 56. Plaintiffs then allege that Defendants had actual knowledge of the First Right of Refusal and interfered with Plaintiffs' ability to exercise that right, which caused Plaintiffs' harm. *Id.* at ¶¶ 57-59. Taken together, these paragraphs are a short and plain statement sufficient to plead "the interference was done intentionally and with malice" as required by Rule 8.

As to element three, "the interference caused loss of the prospective gain," Defendants allege the "proposed amendment contains no allegations whatsoever concerning how Centennial Greek caused any of Plaintiffs' unarticulated injuries." Br. in Opp'n, D.E. 109, at 23. However, paragraphs 58 and 59 of the proposed amended complaint set forth that Plaintiffs were barred from exercising their right of first refusal. Mot. to Amend, Ex. A., Prop. Amended Compl., D.E. 103-3, at ¶¶ 58-59. Taking the facts alleged in the complaint as true, Plaintiffs allege that they suffered harm as a result of being "barred from exercising their Right of First Refusal." *Id.* at ¶ 58; *see Fowler*, 578 F.3d at 210-11. Specifically, Plaintiffs allege that they could have owned the units had they been able to exercise their first right of refusal pursuant to Article 17 of the Master Deed. *Id.* at ¶ 59; *see Id.* at ¶¶ 13-19. As such, Plaintiffs have satisfied their burden to sufficiently plead element three.

As to element four, "the injury caused damage," Defendants assert Plaintiffs' claims are not sufficient because they do not articulate how Centennial Greek caused Plaintiffs' damages. Br. in Opp'n, D.E. 109, at 24. Defendants' argument hinges on the fact that the right of first refusal

was nonexistent and, therefore, Plaintiffs don't state a claim for this element because they did not have a property right to impinge upon. *Id.* Accepting all allegations in the proposed amended complaint as true, as it must, the Court finds that Plaintiffs' allegations in paragraph 59 set forth that Plaintiffs suffered actual harm and damage because they could not exercise their right of first refusal under the Master Deed. Mot. to Amend, Ex. A., Prop. Amended Compl., D.E. 103-3, at ¶ 59. A determination of the extent of the damage or whether the Master Deed contained a right of first refusal is not appropriate at this stage in litigation. *See* Fed. R. Civ. P. 8. As such, Plaintiffs sufficiently plead they suffered damage when they could not exercise their right of first refusal.

Based on the foregoing, this Court finds Plaintiffs sufficiently pled all necessary elements to establish a claim for Tortious Interference with Prospective Contractual Relations as to Centennial Greek. Therefore, the proposed amendment is not futile.

### 2. Undue Delay and Undue Prejudice

Having determined that Plaintiffs' claims state a cause of action, the Court now turns to determining whether Plaintiffs acted with undue delay in filing the amendment and whether an amendment would cause undue prejudice to the Defendants. Undue delay "requires that [the Court] focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Further, "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Id.*

"Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell and Co, Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820, 823 (3d Cir. 1978). However, "to justify the denial of a motion to amend, the asserted prejudice must amount

to more than mere inconvenience to the non-moving party." *Volias v. General Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997).   The non-movant has a "heavier burden than merely claiming prejudice, it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Heyl & Patterson Intl. Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (citing *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 n.19 (3d Cir. 1969).  Further, frustrated expectations do not constitute undue prejudice sufficient to deny a right to amend a pleading under Rule 15(a).  *Long*, 393 F.3d at 400.

To determine what constitutes prejudice the court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discover and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.*  Courts do not typically find undue prejudice when a party moves to amend while discovery is still open. *See, e.g. Luppino v. Mercedes-Benz USA, LLC*, No. 09-5582, 2014 WL 447004, at *3 (D.N.J. Sept. 4, 2014) (finding no undue prejudice to defendant when plaintiff sought to amend the complaint within the dates of the pretrial scheduling order and the new claim did not require additional discovery); *Arrajj v. Am. Com. Ins. Co.*, No. 14-3233, 2014 WL 5798200, at *3 (D.N.J. Nov. 5, 2014) (finding no undue prejudice because the amendment was requested prior to the deadline set forth in the discovery scheduling order and the discovery deadline had not yet passed).

Defendants assert pleadings were open for over a year-and-a-half and, therefore, it would be a waste of time and resources for Plaintiffs to amend their complaint at this stage of the litigation.   Br. in Opp'n, D.E. 109, at 25.  Further, Defendants argue that the sale to Centennial Greek that prompted this motion occurred on September 9, 2022, and Plaintiffs did not seek to

amend until July 31, 2023.  *Id.*  Defendants also cite circumstances where they claim Plaintiffs have delayed the litigation and claim the amendment has further delayed Defendants' motion for judgment on the pleadings.  *Id.*

The Court finds no merit in Defendants claims of undue delay and undue prejudice. Plaintiffs brought their motion to amend within the time proscribed by the jointly proposed pretrial scheduling order.  *See* Ltr. Enclosing Joint Dis. Plan, D.E. 100, at 5; Pretrial Scheduling Order, D.E. 101 at 4.  Further, the sale that prompted this motion occurred during the pendency of litigation.  Mot. to Amend, D.E. 103-3, at 2; Br. in Opp'n, D.E. 109, at 25.  Despite the sale occurring on September 9, 2022, there is no evidence before the Court regarding when Plaintiffs learned of the sale. Reply in Supp., D.E. 110, at 12-13.  Further, the Court does not find that allowing the amendment will require Defendants to expend additional expensive discovery or significantly delay resolution of this matter because discovery is still open and the motion was filed within the deadlines of the pretrial scheduling order.  *See* Pretrial Scheduling Order, D.E. 101 at 4; *see also Amgen Inc. v. Kashiv Biosciences, LLC,* No. 18-3347, 2019 WL 5445974, at *3 (D.N.J. Oct. 24, 2019).  Defendants also fail to show how or what evidence they were deprived of the opportunity to present as a result of the amendment.  As such, the Court finds undue delay and unfair prejudice do not support denial of the motion to amend.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is granted without prejudice to Defendants' right to answer or move under Rule 12.  An appropriate form of Order accompanies this Opinion.

*/s Michael A. Hammer*
**United States Magistrate Judge**

**DATED: November 9, 2023**